GIBLYN v. HANF.

(Supreme Court, Appellate Term.  January 5, 1911.)

INNKEEPERS (§ 11*)—LOSS OF PROPERTY OF GUEST—CARE REQUIRED OF INN-KEEPER.

 Where a guest left a hotel in October, 1908, in debt to the proprietor, claiming to have left a chest with its contents, and made no inquiry about it until November, 1909, when she tendered the amount of her debt and demanded delivery of the chest and made no efforts to have its whereabouts discovered until March, 1910, such unexcused delay is sufficient to throw upon the guest the burden of proving actual negligence on the part of the innkeeper in failing to keep and restore the property left.

 [Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 17–40; Dec. Dig. § 11.*]

 Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Loda M. Giblyn against Hugo J. Hanf. From a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, for the plaintiff, the defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Nussbaum & Rich, for appellant.
Robert Lyon, for respondent.

BRADY, J.  Action by plaintiff to recover from the defendant, a hotel keeper, $250, alleged value of a chest and contents left by plaintiff in a room in defendant's hotel by plaintiff in October, 1908, when

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

she departed therefrom after occupying the room for about two weeks as a guest. When plaintiff left the hotel, she owed some $14 for use of the room and made no inquiries about the baggage until November, 1909, and no effort to have its whereabouts inquired into until March, 1910. The action was tried before the court and a judgment awarded plaintiff for $125. The burden of proof was upon the plaintiff to show that the baggage was left in the hotel. She failed to sustain this burden. Even if her claim was true, the long period of delay is without excuse and is sufficient evidence of contributory negligence and throws upon her the burden of proving actual negligence on the part of the defendant. In cases cited by the appellant, the possession of the baggage by the hotel keeper was evidenced by his receipts or checks, and the delay was not unreasonable.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

GAVEGAN, J., concurs.

GIEGERICH, J. (dissenting). The plaintiff was a guest of the defendant, a hotel keeper, for about two weeks. When she left the hotel, she owed about $14. The defendant retained some baggage owned by the plaintiff, evidently to secure a lien for the amount due him. About one year thereafter, the plaintiff tendered the amount of her unpaid hotel bill with interest and demanded the baggage. It not being returned to her, she brought this action and recovered a judgment for $125. The value of the property was proven and not disputed by the defendant. The defendant, having assumed to retain the plaintiff's baggage, by virtue of his lien for the unpaid bill, was at least a gratuitous bailee and was liable for failure to use such care as the circumstances required, and he offered no testimony whatever as a reason for his failure to restore the property when demanded; his contention being that he had never had possession of it. This was a question of fact, and the court below found against him.

The judgment should be affirmed.